## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | |
|---|---|
| Karreem Tislam Jabar Wiley, ) | |
| ) | Civil Action No.: 0:15-cv-02262-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden Larry Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Karreem Tislam Jabar Wiley ("Petitioner") filed this *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging (1) that the state trial court erred in not granting a mistrial based upon the state prosecutor's opening statement; (2) that trial counsel rendered ineffective assistance of counsel ("IAC") in eight different instances; and (3) that the state post-conviction relief ("PCR") court erred in denying his *Brady*-related[1] claims that his PCR counsel rendered IAC by failing to file a S.C. App. Ct. R. 59(e) motion to preserve the claims. (ECF No. 1 at 16-28.)

This matter is before the court on Warden Larry Cartledge's ("Respondent") Motion for Summary Judgment (ECF No. 29). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett, for pre-trial handling. On July 19, 2016, the Magistrate Judge issued a Report and Recommendation recommending the court grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 45.) The Report and Recommendation sets forth the relevant facts and legal standards, which this court incorporates herein without a recitation.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

1

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Respondent objected to the Report and Recommendation (ECF No. 50), as did the Petitioner (ECF Nos. 55, 56). The Magistrate Judge determined that all but one of Petitioner's nine IAC claims were procedurally barred. (ECF No. 45 at 12-13); *see generally Woodford v. Ngo*, 548 U.S. 81 (2006); *Hedrick v. True*, 443 F.3d 342 (4th Cir. 2006). Specifically, the Magistrate Judge found that Petitioner had not procedurally defaulted his claim that trial counsel rendered IAC "in his handling of the State's refusal to disclose or late disclosure of information about a confidential informant and an undercover police officer." (ECF No. 45 at 13-14.) Respondent objects, contending that the claim is procedurally barred because, after the PCR court declined to address the claim, Petitioner failed to file a Rule 59(e) motion to preserve the claim for state appellate review, *see Marlar v. State*, 653 S.E.2d 266 (S.C. 2007); *Plyler v. State*, 424 S.E.2d 477 (S.C. 1992), and because Petitioner had failed to raise the claim in his petition for a writ of certiorari

2

from the denial of his PCR application by the PCR court, *see McCrary v. State*, 455 S.E.2d 686 (S.C. 1995). (ECF No. 50 at 1-2.) Contrary to Respondent's assertions, the court agrees with the Magistrate Judge that the record demonstrates that Petitioner sought review of the IAC claim at issue in his petition for writ of certiorari (*see* ECF No. 30-6 at 3) and that, although somewhat unclear, the PCR court did consider and deny the claim (*see* ECF No. 30-1 at 428-29). Accordingly, Respondent's objection is overruled.

Petitioner submitted a long and rambling objection, along with a supplement. Although the court is cognizant of its obligation to liberally construe Petitioner's *pro se* arguments, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), even liberally construed, Petitioner's arguments are mostly irrelevant to the summary judgment determination and the Magistrate Judge's recommendations regarding it. The court discerns only two relevant objections in Petitioner's voluminous filings.

First, Petitioner argues that the Magistrate Judge erred by concluding that his IAC claims regarding trial counsel's handling of evidence disclosed by the state on the eve of trial were without merit. Applying *Strickland v. Washington*, 466 U.S. 668 (1984), and *Harrington v. Richter*, 562 U.S. 86 (2011), the Magistrate Judge concluded that the PCR court did not unreasonably conclude that Petitioner failed to meet both the deficient performance and prejudice prongs of the *Strickland* test. (ECF No. 45 at 13-20.) In his objections, Petitioner complains at length that the Magistrate Judge was confused about the distinct identities of a confidential informant and an undercover officer involved in his case, but Petitioner fails to explain how this alleged confusion undermines the Magistrate Judge's *Strickland* analysis. Similarly, Petitioner criticizes the state for confusing the court regarding the identity of the confidential informant, but he rarely explains how the state's actions constitute IAC on the part of trial counsel or how it affected the Magistrate Judge's

3

assessment. Where, in his objections, Petitioner does make a *Strickland*-related argument—for example, contending that trial counsel should have asked witnesses more direct questions, that trial counsel should not have abandoned a line of questioning after an objection to it had been sustained, and that, had trial counsel pressed the state for information earlier, Petitioner could have prepared a better defense—the court concludes that these arguments provide no persuasive reason to disagree with the Magistrate Judge's determination, which the court concludes was correct.

Second, Petitioner argues that the Magistrate Judge incorrectly recommended that the court deny certain of Petitioner's other IAC claims related to trial counsel's handling of the belatedly produced evidence.[2] (*See* ECF No. 55 at 7-14.)  The Magistrate Judge made this recommendation on the ground that these claims are procedurally barred due to Petitioner's failure to raise them in a Rule 59(e) motion after the PCR court declined to address them. Petitioner concedes that he did not file a Rule 59(e) motion, but argues that his PCR counsel rendered IAC by failing to file a Rule 59(e) motion as Petitioner requested. The court understands Petitioner to be arguing that PCR counsel's failure to file the Rule 59(e) motion constitutes cause, excusing his procedural default of the claims. Ineffective assistance of counsel in an initial PCR proceeding can provide "cause" for not complying with state procedural rules regarding a claim of ineffective assistance at trial. *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 1315 (2012). To show cause under *Martinez,* a prisoner must demonstrate (1) that his PCR counsel was ineffective under *Strickland* and (2) that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 132 S. Ct. at 1318.

---

[2] Petitioner does not appear to object to the Magistrate Judge's determination that his IAC claims regarding issues other than those related to trial counsel's handling of the state's delayed production of evidence are procedurally barred. The court notes in this regard that Petitioner did not address these other IAC claims in his Response in Opposition to the Motion for Summary Judgment. (ECF No. 41.)

Because the court has already determined, agreeing with the Magistrate Judge, that the underlying claim of IAC on the part of Petitioner's trial counsel is without merit, Petitioner's argument must be rejected. Accordingly, the court overrules Petitioner's objections.

Upon careful consideration of the entire record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation incorporating it by reference (ECF No. 45). Respondent's Motion for Summary Judgment (ECF No. 29) is **GRANTED**, and Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 20, 2016
Columbia, South Carolina