# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCKHILL DIVISION

| | | |
|---|---|---|
| Karreem Tislam Jabar Wiley, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 0:15-cv-02262-JMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Warden Larry Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Karreem Tislam Jabar Wiley's ("Petitioner") *pro se* "Rule 59 (e) Motion" ("Motion") concerning the court's denial of his Petition for a Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 60.) On July 19, 2016, Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report") requesting that the court grant Respondent's Motion for Summary Judgment and deny the Petition because Petitioner failed to demonstrate that he exhausted available administrative remedies in the State of South Carolina ("State"). (ECF No. 45.) Petitioner filed an objection ("Objections") to the Report, but the court adopted the Magistrate Judge's recommendation and denied his Petition. The court did not issue a certificate of appealability when it denied the Petition.

## I. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On December 12, 2007, Petitioner was indicted for trafficking in cocaine more than one hundred grams, third offense in the State. (ECF No. 30-1 at 355-56.) Petitioner, represented by Tivis Colley Sutherland, IV, Esquire, was found guilty for this charge on March 21, 2008. (ECF No. 30-1 at 3.) The Honorable J. Mark Hayes, II sentenced Petitioner to twenty-five years'

1

imprisonment. (ECF No. 30-1 at 286-87.) Petitioner filed an appeal of his conviction in the South Carolina Court of Appeals and was represented by Lanelle C. Durant, Esquire, of the South Carolina Commission on Indigent Defense. (ECF No. 30-1 at 289-96.) On March 31, 2010, the Court of Appeals affirmed Petitioner's conviction and sentence. (ECF No. 30-1 at 289-96.) The Court of Appeals issued a remittitur on April 16, 2010. (ECF No. 30-1 at 297.) On October 4, 2010, Petitioner filed a *pro se* Application for Post-Conviction Relief ("PCR"). (ECF No. 30-1 at 298.) On November 14, 2011, Charles T. Brooks, III, Esquire represented Petitioner during an evidentiary hearing at the PCR court. On February 24, 2012, the PCR court denied and dismissed Petitioner's PCR application with prejudice. (ECF No. 30-1 at 421-31.) On March 8, 2013, Petitioner, represented by Tara Dawn Shurling, Esquire, filed a petition for a writ of certiorari in the Supreme Court of South Carolina. (ECF No. 30-6.) On December 11, 2014, the South Carolina Court of Appeals issued an order denying Petitioner's petition for a writ of certiorari. (ECF No. 30-9.) The remittitur was issued on January 5, 2015. (ECF No. 30-10.) On June 4, 2015, Petitioner filed a habeas corpus petition in this court. (ECF No. 1.)

## II.  LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 59(e), a motion for reconsideration may only be granted if (1) there is a need to correct a manifest error in law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010). However, Rule 59(e) motions cannot be used as opportunities to rehash issues already ruled upon because the litigant is displeased with the result. *Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir. 1993) ("[M]ere disagreement does not support a Rule 59(e) motion."); *Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works L.L.C.*, 2007 WL

2

2021901 (E.D. Va. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted.")

### III.  DISCUSSION

Petitioner asserts the same requests in his previous habeas corpus petition, which was denied by this court including (1) ineffective assistance of trial counsel ("IAC") and (2) prosecutorial misconduct. (ECF No. 63 at 16-18.)  By way of reasserting these allegations, Petitioner takes the position in this Motion that these claims violated his constitutional rights.  The court will address Petitioner's claims below.

**A.  INEFFECTIVE ASSISTANCE OF COUNSEL**

Petitioner contends that his PCR, trial, and appellant counsel were ineffective because they failed to conduct a reasonable investigation of his case and interview a key witness.  Petitioner states that the court's Order and the Magistrate Judge's Report determined that his IAC arguments were procedurally barred because he failed to file a Rule 59(e) motion after the PCR court declined to discuss this matter in its order. (ECF No. 63 at 5.)  Thus, Petitioner's IAC claims were not preserved for appellate review in the State court and was procedurally barred under a habeas corpus petition. (*Id*.) Petitioner maintains that his PCR counsel provided ineffective assistance of counsel by failing to file the requested Rule 59(e) motion. (ECF No. 63 at 2.)  Petitioner argues that Exhibits A and B in his Objections indicate that he filed a Rule 59(e) motion in the State court, but his PCR counsel disregarded this request and instead filed a Notice of Appeal. (*Id*.)

Furthermore, Petitioner asserts that his PCR counsel failed to prepare his case fully, conduct a reasonable investigation, prepare a crucial witness for trial, and subpoena a witness to testify at his PCR hearing. (ECF No. 63 at 3.) Petitioner next asserts that his PCR appellant counsel failed to conduct a reasonable investigation of a key witness. (*Id*. at 9.)  Additionally, Petitioner claims that

3

a "confidential informant" was involved in his criminal case, but his trial counsel failed to investigate this individual. (*Id*. at 11.) To establish ineffective assistance of counsel under the two-prong test in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), a defendant must establish that (1) "counsel's performance fell below an objective standard of reasonableness," and (2) "a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. "A defendant's failure to establish either prong of the *Strickland* test precludes a finding of ineffective assistance of counsel." *Id*. In addition, Petitioner must demonstrate that his counsel's assistance was deficient and that the deficiency prejudiced his defense. *Id*. at 687.

The court finds the issues that Petitioner contends that his PCR counsel should have raised in a Rule 59(e) motion contain matters that were already before the PCR court including alleged counsel's failure to interview a key witness. As the PCR court was aware of these matters during his PCR hearing, Petitioner was not prejudiced by counsel's failure to argue the same facts in a Rule 59(e) motion. The court finds that Petitioner has not presented any argument warranting reconsideration, and has not cited any recent change in the controlling law, any newly discovered evidence, or any error in law that would support his ineffectiveness of counsel claim.

## B. PROSECUTORIAL MISCONDUCT

Petitioner argues that the State refused to provide crucial evidence to his trial defense counsel, which resulted in selective and vindictive prosecution. Petitioner claims that the State failed or refused to provide him *Brady* materials. (ECF No. 63 at 11-15.) In addition, the trial prosecutor did not reveal the identity of an undercover civilian or police agent or provide requested police reports, which denied him due process of law. (*Id*. at 11-14.) Consequently, Petitioner claims the State violated his due process rights and the *Brady* violations resulted in the

procurement of a fraudulent indictment, which deprived him an affirmative defense of entrapment. (*Id*. at 16.)

*Brady* requires the government to disclose to the defense evidence which is favorable to an accused, where the evidence is material either to guilt or to punishment. *Brady v. Maryland,* 373 U.S. 83, 87 (1963). A prosecution designed solely to punish a defendant for exercising a valid legal right violates due process. *Blackledge v. Perry*, 417 U.S. 21, 25-26 (1974). Defendant must show that the prosecution was initiated in order to punish the defendant for the exercise of a legal right. *Id*. To establish actual vindictiveness, a defendant must show, "through objective evidence that (1) the prosecutor acted with genuine animus toward the defendant and; (2) the defendant would not have been prosecuted but for that animus." *United States v. Jackson*, 327 F.3d 273, 294 (4th Cir. 2003). If the defendant cannot prove an improper motive with direct evidence, he or she may present evidence of circumstances from which an improper vindictive motive may be presumed. *Id*.

As to Petitioner's claim for selective prosecution, the Government has broad discretion in determining who to prosecute. *Wayte v. United States*, 470 U.S. 598, 607 (1985). The discretion is, of course, "subject to constitutional constraint." *Wayte*, 470 U.S. at 608. The decision to prosecute may not be based on "unjustifiable" factors such as race, religion, or another arbitrary classification. *United States v. Armstrong*, 517 U.S. 456, 464-65 (1996). However, absent a substantial showing to the contrary, prosecutions will be presumed to be motivated only by proper considerations. *United States v. Hastings*, 126 F.3d 310, 313 (4th Cir. 1997). To overcome the presumption of regularity in a selective prosecution claim, a defendant "must demonstrate that the federal prosecution policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *Armstrong*, 517 U.S. at 465.

5

The court finds that Petitioner's claims are similar to the *Brady* and prosecutorial misconduct issues raised in Petitioner's original § 2255 Petition, including the discrepancy between evidence held by the trial prosecutor and his defense counsel. The court construes Petitioner's claims of prosecutorial misconduct during his criminal trial and *Brady* violations as already being addressed by the court in his Petition. The court finds that these matters constitute second or successive § 2254 claims because Petitioner asserts similar bases for relief concerning his State criminal conviction. The court will not authorize Petitioner, who failed to obtain relief in his Petition, to attempt to bring a new habeas claims by way of Rule 59 (e) Motion. For the foregoing reasons, the court finds no reason to reconsider its decision to deny Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

Accordingly, Petitioner's "Rule 59 (e) Motion" (ECF No. 63) of the court's Order (ECF No. 60) adopting the Magistrate Judge's Report and Recommendation is **DENIED.**

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 1, 2017
Columbia, South Carolina